IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 22-cv-3350-TSC<br><br>(Oral Hearing Requested) |

**PLAINTIFF'S MOTION TO PARTIALLY ALTER OR AMEND JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff respectfully moves the Court to partially alter or amend its March 19, 2024 Memorandum Opinion and Order granting Defendants' motion to dismiss. *See* ECF Nos. 13, 14. Plaintiff seeks not to re-litigate any issue, but rather to correct a clear error in the Court's decision to dismiss the Complaint in full.

The Court dismissed the Complaint in full because it understood Plaintiff to be seeking redress for the "unlawful *destruction* of text messages on [Ken] Cuccinelli's personal phone." Mem. Op. at 23, ECF No. 13 (emphasis added). But Plaintiff sought no such relief. Plaintiff's Complaint and briefing made clear that it seeks retrieval of *preserved* federal records stored on Cuccinelli's personal phone. Plaintiff never claimed these records were destroyed. Neither did Defendants. The undisputed facts instead show that the records are in Cuccinelli's possession and Defendants have made no effort to retrieve them. Under the Court's own reasoning and controlling precedent, Plaintiff has both Article III standing and an APA cause of action to compel initiation of a Federal Records Act ("FRA") enforcement action to retrieve existing, non-

1

deleted records that are unlawfully outside of government custody. *See* Mem. Op. at 16, 17-20, ECF No. 13. Thus, to correct clear error and prevent manifest injustice, Plaintiff respectfully requests that the Court alter or amend its March 19, 2024 Memorandum Opinion and Order in pertinent part.

Plaintiff's counsel conferred with Defendants' counsel regarding the relief requested in this motion. Despite repeated attempts, Defendants' counsel has been unable to obtain Defendants' position on the motion as of the time of this filing.[1]

## BACKGROUND

Plaintiff brought this action under the APA and FRA to compel Defendants "to initiate an enforcement action through the Attorney General to recover federal records" relating to the January 6, 2021 attack on the Capitol that were "unlawfully destroyed *or* alienated from government custody." Compl. ¶ 1, ECF No. 1 (emphasis added).[2] The Complaint asserts two types of claims. The first type alleges that Defendants violated the FRA by failing to take action to restore unlawfully destroyed federal records from agency-issued phones. *See id.* ¶¶ 75-83 (Count I – Secret Service and NARA), ¶¶ 84-86, 88-93 (Count II – Department of Homeland Security ("DHS") and NARA), ¶¶ 94-101 (Count III – Department of Defense and NARA), ¶¶

---

[1] Plaintiff preserves other grounds for appeal not raised in this motion, including but not limited to the Court's holding that Plaintiff has no APA cause of action against the National Archives and Records Administration ("NARA") to redress the unlawful destruction of federal records. *See* Mem. Op. at 19-23; *cf. ACLU of Fla. v. ICE*, No. 22-cv-01129 (CJN), 2023 WL 6461053, at *8 (D.D.C. Aug. 31, 2023) (holding to the contrary because 44 U.S.C. § "3106(b) imposes a referral obligation duty on the Archivist as to all forms of record destruction listed in section 3106(a), not just removal").

[2] "[T]he term 'alienated records' refers to federal records outside of the government's physical custody." Compl. ¶ 1 n.2 (citing NARA Directive 1462, *Recovery of Alienated Archival Materials*, § 1462.3(a) Sept. 28, 2006, https://perma.cc/QE22-3AL3).

102-109 (Count IV – Army and NARA). The second type challenges DHS's and NARA's failure to retrieve *preserved* federal records from former DHS official Ken Cuccinelli's personal phone that were never saved in a government recordkeeping system. *See id.* ¶¶ 57, 87-92 (Count II). The parties clearly delineated between these claims in their briefing on Defendants' motion to dismiss. *See* Defs.' MTD Mem. at 5, ECF No. 9-1 (not challenging Article III redressability as to claim concerning alienated federal records on Cucinelli's personal phone); *id.* at 14-15 & n.3 (conceding that Defendants' lead merits argument "does not apply" to this claim); Pl.'s MTD Opp. at 12-15, ECF No. 10 (noting Defendants' concessions and separately addressing claim).

On March 19, 2024, the Court granted Defendants' motion to dismiss the Complaint in full. *See* ECF Nos. 13, 14. The Court held that (1) "Plaintiff has standing to bring only Count I[3] as it pertains to the text messages sent to or from Cuccinelli's personal phones" and the "remainder of Plaintiff's claims will be dismissed for lack of subject matter jurisdiction," Mem. Op. at 16, ECF No. 13; and (2) on the merits, Plaintiff "fails to state a claim for relief in Count [II] under § 706(1) of the APA for Defendants' failure to initiate enforcement action arising from the unlawful *destruction* of text messages on Cuccinelli's personal phone," because the FRA "does not mandate an enforcement action when records are destroyed; only when records are removed," *id.* at 23, 20 (emphasis added).

Plaintiff now moves to alter or amend the latter ruling, both because it rests on a clearly

---

[3] The Court's reference to "Count I" here and elsewhere were clerical mistakes. Count II, not Count I, concerns Cuccinelli's personal phone records. *See* Compl. ¶ 87. Count I concerns Secret Service records. *See id.* ¶¶ 75-83. Thus, when quoting the March 19, 2024 Memorandum Opinion, Plaintiff has replaced references to Count I with bracketed references to Count II. The Court "may correct [these] clerical mistake[s]" in its Memorandum Opinion "on its own" and "without notice." Fed. R. Civ. P. 60(a).

3

erroneous reading of Plaintiff's claim and would result in manifest injustice.

## LEGAL STANDARD

"Rule 59(e) motions 'need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998). "District courts should have 'a clear conviction of error' before finding a final judgment was predicated on clear error." *Piper v. DOJ*, 312 F. Supp. 2d 17, 21 (D.D.C. 2004); *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("Rule 59(e) permits, if not encourages, a district court to correct its own clear errors. Conservation of judicial resources supports a court's confessing error before the issue reaches us."). "[M]anifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). District courts have "wide discretion" in deciding Rule 59(e) motions. *Ciralsky v. CIA*, 355 F.3d 661, 674 (D.C. Cir. 2004).[4]

## ARGUMENT

***Clear Error.*** Respectfully, the Court clearly erred in dismissing Count II of the Complaint in full. That ruling hinged on the mistaken premise that Count II seeks redress for "the unlawful *destruction* of text messages on Cuccinelli's personal cell phone." Mem. Op. at 23 (emphasis added); *see also id.* at 19. But Plaintiff sought no such relief. Rather, Plaintiff's Complaint and briefing made clear that it seeks initiation of an FRA enforcement action to

---

[4] This motion is timely because it is filed less than 28 days after the Court's March 19, 2024 Memorandum Opinion and Order. *See* Fed. R. Civ .P. 59(e).

retrieve *preserved* federal records from Cuccinelli's personal phone that were never saved in a government recordkeeping system.[5] While Plaintiff used the NARA term-of-art "alienated," alienated does not mean destroyed; it means the records exist but "are outside of the government's physical custody." Compl. ¶ 1 n.2. The Court's Memorandum Opinion and D.C. Circuit precedent make clear that private litigants can sue under the APA to compel initiation of an FRA enforcement action to recover such records. *See* Mem. Op. at 16 (holding that Plaintiff has "standing to claim that [Defendants] violated the APA by failing to initiate an FRA enforcement action to recover alienated federal records from former DHS official Cuccinelli's personal phone," reasoning that Plaintiff's injury is redressable because "an enforcement action might 'shake loose a few' text messages" (quoting *Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955 (D.C. Cir. 2016)); *id.* at 20 (recognizing that "§ 3106(a) … mandate[s] an enforcement action … when records are removed" from agency custody); *Kerry*, 844 F.3d at 953-57 (allowing APA-FRA claim to proceed that sought "recovery" of alienated federal records from Secretary of State Hillary Clinton's "private email accounts" that "were not preserved in government recordkeeping systems"). Even Defendants concede such claims are valid. *See* Defs.' MTD

---

[5] *See* Compl. ¶ 1 (explaining that this action seeks recovery of "missing … federal records from former acting DHS Deputy Secretary Ken Cuccinelli's personal phone that remain, on information and belief, unlawfully outside of government custody"); *id.* ¶ 57 (alleging that "'Mr. Cuccinelli was using his personal phone' to communicate about government business" and that "[t]hese federal records remain, on information and belief, outside of agency custody"); *id.* ¶¶ 87-92 (alleging that "federal records from former DHS official Ken Cuccinelli's personal phone remain unlawfully outside of the agency's physical custody," and that "neither DHS nor NARA has initiated an FRA enforcement action" to "retrieve[]" these "alienated DHS records"); Pl.'s MTD Opp. at 12-15 (explaining that "Count II of the Complaint challenges Defendants' failure to initiate an FRA enforcement action to recover alienated federal records from former DHS official Kenneth Cuccinelli's personal phone" and that "Defendants assert no basis for dismissing this claim").

Mem. at 15 n.3.

Nor are the pertinent facts disputed. Defendants' own evidence "reinforces CREW's allegations that (1) Mr. Cuccinelli generated federal records on his personal phone, (2) he did not preserve them in an official DHS account, (3) neither DHS nor NARA have retrieved those records, and (4) they remain unlawfully outside of federal custody." Pl.'s MTD Mem. at 12-13; *see* Decl. of Christopher Granger ¶ 16 & n.7, ECF No. 9-4 (citing Interview of Ken Cuccinelli, U.S. House Select Committee to Investigate the January 6th Attack on the U.S. Capitol, at 6-8, Dec. 7, 2021, https://perma.cc/LM3H-UXVH).

***Manifest Injustice.*** Rule 59(e) relief is further warranted to prevent manifest injustice. There will be "clear and certain prejudice" to Plaintiff, *Leidos*, 881 F.3d at 217, if it is forced to await appellate resolution of this question, as important federal records stored on Cuccinelli's personal phone could be irretrievably lost or deleted while the case is pending on appeal. *See Armstrong v. Bush*, 807 F. Supp. 816, 820-21 (D.D.C. 1992) (permanent loss of federal records constitutes "irreparable harm"). And the erroneous ruling is "fundamentally unfair in light of governing law," *id.*, most notably *Kerry*, 844 F.3d at 953-57. Holding that Plaintiff has no APA cause of action to compel initiation of an FRA enforcement action to recover alienated federal records—contrary to controlling D.C. Circuit precedent—would "upset settled expectations" on which Plaintiff has "reasonably place[d] reliance." *Leidos*, 881 F.3d at 217.

## CONCLUSION

For the foregoing reasons, the Court should alter or amend its March 19, 2024 Memorandum Opinion and Order by (1) vacating those portions relating to the Court's holding that Plaintiff "fails to state a claim for relief in Count [II] under § 706(1) of the APA for

Defendants' failure to initiate an enforcement action arising from the unlawful destruction of text messages on Cuccinelli's personal cell phone," Mem. Op. at 16-23, since the Complaint does not in fact plead such a claim or seek such relief; and (2) denying Defendants' motion to dismiss as it pertains to Plaintiff's claim seeking recovery of alienated federal records from Cuccinelli's personal phone, *see* Compl. ¶¶ 57, 87-92. A proposed order is attached.

Dated: March 26, 2024

Respectfully submitted,

*/s/ Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
1331 F Street NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Counsel for Plaintiff*